IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                                              CASE No.     20-11487-RAM

RAFAEL GONZALEZ AKA RAFAEL GONZALEZ,                        Chapter 13
SR., and NITZA M. GONZALEZ AKA NITZA
GONZALEZ

                DEBTOR.
_____/

## OBJECTION TO CONFIRMATION OF FIRST AMENDED CHAPTER 13 PLAN

Secured Creditor, Bank of America, N.A. (the "Secured Creditor") objects to confirmation of Debtor's First Amended Chapter 13 Plan (Doc. 19) (the "Plan") for the following reasons:

**1.** Secured Creditor's claim is secured only by a first mortgage security interest encumbering real property located at 10399 N.W. 128 Terrace, Hialeah Gardens, FL 33018 (the "Property"), which is the debtor's principal residence and is protected from modification pursuant to 11 U.S.C. § 1322(b)(2). Secured Creditor's Proof of Claim No. 17 was filed timely on March 27, 2020.

2. **The Plan understates pre-petition arrearage and amount of current payments.** The amount of the current monthly mortgage installments is $1,355.76 per Proof of Claim No. 17 of which the Plan provides to pay outside of the Plan in an unspecified amount. Additionally, the pre-petition arrearage balance is $1,907.22 per Proof of Claim No. 17 of which the Plan omits to pay entirely. Accordingly, the value of property to be distributed to the Secured Creditor under the Plan is less than the allowed amount of its claim in violation of 11 U.S.C. §§ 1322(b)(2) and 1325. A Plan which does not accomplish payment of pre-petition arrearages in full does not result in a discharge in bankruptcy of the unpaid pre-petition arrearages under the holding of *In re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821 (11th Cir. 2003):

> We hold that although the parties are bound to the terms of the Plan, as confirmed, Universal's secured claim for arrearage survives the Plan and it

retains its rights under the mortgage until Universal's claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, Universal will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim. *Bateman, supra.*, at 834.

Therefore, it is in the Debtors' interest as well as their obligation to pay the full amount of the arrearage through the Plan to avoid a foreclosure for these amounts at the conclusion of the Plan.

**3.    Debtor lacks disposable income to fund plan.**  Schedule J Line 23(c) states that Debtors' monthly net income is $273.68, which monthly disposable income is insufficient to pay the current monthly mortgage installment payments of $1,355.76, and leaves no disposable income to pay any amounts on the $1,907.22 arrearage, Trustee's fees and other items. Confirmation of the Chapter 13 Plan should be denied pursuant to 11 U.S.C. § 1325(a)(6) because Debtors will not be able to make all payments under the plan or to comply with the plan.

4.    Secured creditor is entitled to attorneys' fees pursuant to 11 U.S.C. § 1322(e) which fees should be added to the balance due on the Note and Mortgage pursuant to the terms of those documents, but attorneys' fees should not be a personal obligation of the Debtors.

WHEREFORE Secured Creditor, Bank of America, N.A, respectfully requests that this Honorable Court enter an Order denying Confirmation of Debtors' First Amended Chapter 13 Plan and dismissing the Chapter 13 bankruptcy with prejudice, with fees as set forth above.

                **Tromberg Law Group**

**BY:**  /s/ April Hosford Stone
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 0091388
ecf@tromberglawgroup.com
astone@tromberglawgroup.com

Our Case #: 20-000166-OBJ\20-11487-RAM\BOA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants listed below:

Robert Sanchez, Esq.
355 W 49th St
Hialeah, FL 33012
court@bankruptcyclinic.com

U.S. Trustee Southern District of Florida
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Nancy K. Neidich
POB 279806
Miramar, FL 33027
e2c8f01@ch13miami.com

On April 9, 2020, a true and correct copy was mailed to the non-CM/ECF participants listed below:

Rafael Gonzalez aka Rafael Gonzalez, Sr. & Nitza M. Gonzalez aka Nitza Gonzalez
10399 NW 128th Terrace
Hialeah Gardens, FL 33018

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Tromberg Law Group**

**BY:** /s/ April Hosford Stone
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 0091388
ecf@tromberglawgroup.com
astone@tromberglawgroup.com

Our Case #: 20-000166-OBJ\20-11487-RAM\BOA